UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID LONGSIO,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant. | Civil No. 09-920 (JRT/JSM)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Lionel H. Peabody, **PEABODY LAW OFFICE**, P.O. Box 10, Duluth, MN, 55801, for plaintiff;

Lonnie F. Bryan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for defendant.

The Commissioner of Social Security denied plaintiff David Longsio's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416, 423. After exhausting his administrative remedies, Longsio sought judicial review of the Commissioner's decision. The case is now before the Court on the parties' cross-motions for summary judgment. (Docket Nos. 6 & 9.) In a Report and Recommendation filed on August 12, 2010, United States Magistrate Judge Janie S. Mayeron recommended denying Longsio's motion, granting the Commissioner's motion, and affirming the Commissioner's decision. (Docket No. 13.) Longsio filed an objection to the Report and Recommendation. (Docket No. 20.) This Court reviews the challenged

portions of the Report and Recommendation *de novo* under 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.2. For the reasons stated below, the Court overrules Longsio's objection and adopts the Report and Recommendation.

## BACKGROUND[1]

Longsio filed an application for disability insurance benefits on October 12, 2004, alleging that, among other physical impairments, severe back pain limited his ability to work. (Administrative R. ("R.") at 39, Docket No. 5.) Longsio alleged January 31, 1999 as the date he became disabled and December 31, 2004 as the last date on which he was insured. (Tr. 39-40.) From 1966 to 1999, Longsio worked as an investment accountant for Minnesota Power. (Pl.'s Mem. at 1, Docket No. 7.) In his application, Longsio asserted that severe back pain interfered with the concentration his job required.

The Social Security Administration ("SSA") denied Longsio's application initially and upon reconsideration. (R. at 39, Docket No.5.) After a hearing on November 30, 2006, Administrative Law Judge Jerome J. Berkowitz ("ALJ") issued an order concluding that Longsio was not entitled to disability insurance benefits. (*Id.* at 46.) On February 25, 2009, the SSA Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. 42 U.S.C. § 405(g).

The ALJ followed the five-step analysis detailed in 20 C.F.R. § 404.1520 to determine whether Longsio was disabled. First, the ALJ determined that Longsio had not

---

[1] The facts are repeated below only to the extent necessary to address Longsio's objection. A more comprehensive statement of the relevant facts can be found in the Magistrate Judge's Report and Recommendation. (Docket No. 13.)

engaged in substantial gainful activity since January 31, 1999, the alleged date of onset. (R. at 40, Docket No.5.) Next, the ALJ concluded that Longsio is severely impaired by degenerative disc disease of the lumbar spine. (*Id.*) In 1997, he underwent back surgery. (*Id.* at 157.) Longsio testified that the intensity of his back pain varies. (*Id.* at 221.) He rated his typical back pain as a three or four on a scale of one to ten, where one is a small annoyance and ten is the worst pain imaginable. (*Id.*) However, Longsio testified that approximately three or four times a year his pain reached an almost incapacitating level (nine or ten) for a period usually lasting two to three weeks but sometimes continuing for up to six months. (*Id.*) For example, in 2003, Longsio found it difficult to get out of bed for two or three days because of pain in his mid-back. (*Id.* at 175.) According to Longsio, his lower back pain hindered his mobility so severely for a few weeks in July 2004 that he was compelled to crawl around his house and eventually went to the emergency room. (*Id.* at 168.) Dr. Franklin Johnson examined Longsio in conjunction with his Social Security claim and reported that to avoid another incident of acute, debilitating back pain Longsio restricted his physical activities, but that he generally experienced only "chronic discomfort[] controlled by ibuprofen." (*Id.* at 186.)

Despite his physical limitations, Longsio reported that his daily routine includes preparing meals, taking short walks, and caring for his dog. (*Id.* at 116-17.) He does his own laundry weekly, although his back spasms when he overexerts himself. (*Id.* at 118-19.) Longsio testified that he took care of his personal needs, although he hired others to assist with several outdoor chores and sometimes received assistance acquiring groceries. (*Id.* at 213.) In his Function Report, submitted as part of his Social Security application,

Longsio stated that his ability to handle money had not changed since he began to experience back pain, and that he paid his own bills, followed the stock market, and used a checkbook. (*Id.* at 119-20.)

A residual functional capacity assessment performed on January 11, 2005, and affirmed on October 3, 2005, determined that Longsio was able to occasionally lift and carry twenty pounds, frequently lift and carry ten pounds, stand, walk, and sit with normal breaks about six hours in an eight hour workday, and push and pull without limitation. (*Id.* at 192.) Longsio testified, however, that he retired as an accountant in January 1999 because of the pain he experienced on the job. (*Id.* at 217-18.) According to Longsio, his back pain bothered him so much that he could not think straight or concentrate. (*Id.*)

At the third step of the analysis, the ALJ concluded that Longsio's impairments did not meet or equal the criteria of any impairment listed in Appendix 1 to Subpart P of the regulations. *See* 20 C.F.R. § 404.1520(d). The ALJ next determined that Longsio had the residual functional capacity to perform his past relevant work as an accountant despite his impairments. (R. at 41, Docket No.5.) While he recognized Longsio's impairments as severe, the ALJ concluded that he "[could] not find the claimant credible that he is incapable of work activity as a result of his impairments, because of significant inconsistencies in the record as a whole." (*Id.* at 41.) Accordingly, the ALJ denied Longsio's claim for disability insurance benefits. (*Id.* at 46.)

On April 21, 2009, Longsio brought the instant action seeking review of the Commissioner's final decision. (Compl., Docket No. 1.) Longsio subsequently filed for

summary judgment, arguing that the ALJ's credibility finding was not supported by substantial evidence on the record as a whole and did not comport with applicable caselaw. (Pl.'s Mem., Docket No. 7.) The Commissioner also filed for summary judgment, urging the Court to affirm the Commissioner's decision. (Docket No. 9.) This Court referred the parties' cross-motions for summary judgment to the Magistrate Judge. The Magistrate Judge recommended that the Court deny Longsio's motion, grant the Commissioner's motion, and affirm the Commissioner's decision.

## DISCUSSION

This Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Maresh v. Barnhart*, 438 F.3d 897, 898 (8th Cir. 2006). Substantial evidence "is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The Court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). However, reweighing the evidence is not permitted. *Flynn v. Chafer*, 107 F.3d 617, 620 (8th Cir. 1997). Even if Longsio's back impairments support a claim for disability insurance benefits, the Court must affirm if there is substantial evidence to support the ALJ's conclusion to the contrary. *Id.* This Court cannot reverse the Commissioner's decision "merely because substantial evidence exists in the record that

would have supported a contrary outcome." *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Longsio's objections appear to focus on the ALJ's conclusion that Longsio's back pain does not so hinder his ability to concentrate and sustain focus that he is precluded from engaging in accountancy work. (Pl.'s Obj. at 10, Docket No. 20.)

Substantial evidence supports the ALJ's conclusion. Longsio testified that he retired "because [he] was hurting on the job" and that his back pain "began to bother [him] so much [he] couldn't think straight." (R. at 217, Docket No.5.) However, when asked if he could do a job in which he "could get up and stretch and then sit down again," Longsio stated that he "probably could do it" although "being in that one position all day just bothered" him and that "when [he was] hurting . . . it[] [was] hard to concentrate" and "do[] [his] job right[.]" (*Id.* at 217-18.)

In addition, Longsio testified that when he announced his intent to retire, his employer offered him a promotion to encourage him to stay. (*Id.* at 217.) His employer's satisfaction with his job performance undermines Longsio's contention that his work performance was significantly hindered by an inability to focus because of his back pain. Longsio presented no evidence that he expressed concerns about the effect of his back pain on his concentration to a treating physician. (*Id.* at 42.) In his Function Report, Longsio stated that he could pay attention "for quite a while[,]" finish what he started, follow written instructions "[r]elatively well[,]" and spoken instructions "fine[.]" (*Id.* at 121.)

In Longsio's view, the medical record reflects back pain "reasonably capable of producing the symptoms" he alleges, namely "chronic pain limiting concentration[] and intermittent severe pain precluding work activity[.]" (Pl.'s Obj. at 7, Docket No. 20); *see Ross v. Apfel*, 218 F.3d 844, 847-48 (8th Cir. 2000) (reversing in part because, contrary to the ALJ's finding, "the objective medical record does document physical abnormalities that are reasonably capable of producing pain and fatigue consistent with [the claimant's] testimony."). The ALJ acknowledged Longsio's episodes of severe back pain, including the 2004 incident which resulted in Longsio's visit to the emergency room. (Tr. 42.) The ALJ nonetheless found Longsio's allegation that these debilitating episodes rendered him unable to work as an accountant undermined by the medical record. First, Longsio had not sought or received a high degree of ongoing treatment for chronic pain and he generally controlled the pain without narcotic medication. (*Id.*) In addition, despite his claims of experiencing nearly incapacitating back pain several times a year, Longsio presented contemporaneous medical records documenting only one severe episode, from 2004.[2] (Tr. 168.) Dr. Johnson testified that Longsio adopted "an extremely careful lifestyle" to avoid a similar episode of acute pain and that after recovering from the 2004 incident Longsio experienced only "chronic discomfort[] controlled with ibuprofen[.]" (Tr. 186.) Moreover, Longsio engaged in a variety of daily activities, including cleaning, laundry, and taking short walks. (Tr. 116-19.)

---

[2] Longsio also presented evidence that on April 9, 2003 he sought medical attention for two to three days of incapacitating back pain he had experienced a "couple weeks" prior. (Tr. 175.) Longsio had improved by the time of his appointment but still complained of "occasional twinges and muscle spasms." (*Id.*)

The Court does not dispute Longsio's assertion that he has proffered "evidence consistent with severe pain." (Pl.'s Obj. at 6, Docket No. 20.) However, after a careful review of the record, the Court finds that substantial evidence supports the ALJ's findings regarding the severity of Longsio's back pain exacerbations and the effect of the pain on his ability to concentrate. A reasonable mind would find the evidence on which the ALJ relied sufficient to support its conclusion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Longsio's objection [Docket No. 20] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated August 12, 2010. [Docket No. 13.] **IT IS HEREBY ORDERED** that:

1. Plaintiff David Longsio's Motion for Summary Judgment [Docket No. 6] is **DENIED**.

2. Defendant Michael J. Astrue's Motion for Summary Judgment [Docket No. 9] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 28, 2010
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge